UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KIM MELTON, individually and on behalf of all aggrieved employees,

   Plaintiff,

      v.

UNIVERSAL CABLE HOLDINGS, INC., dba SUDDENLINK COMMUNICATIONS,

   Defendant.

No. C 19-07360 WHA

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

Plaintiff's motion for reconsideration of the July 2 order ignores the reasons given for denying the stipulation to remand. Instead, it focuses on the uncontroversial position that a PAGA action is not a class action. To the extent the prior order explained that any settlement would need judicial approval, PAGA itself provides as much. *See* CAL. LAB. CODE § 2699(l)(2). The motion is therefore **DENIED**.

This order does not prevent plaintiff from swearing that she does not and will not seek more than $75,000.00, including her individual attorney's fees. "[F]ederal courts permit individual plaintiffs, who are the masters of their complaints, to avoid removal to federal court, and to obtain a remand to state court, by stipulating to amounts at issue that fall below the federal jurisdictional requirement." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013). District courts within our circuit have remanded like actions on the condition that the plaintiff submit a binding affidavit judicially estopping them from arguing or accepting any

amount above the jurisdictional minimum once in state court. *See, e.g., Sherman v. Nationwide Mut. Ins. Co.*, No. CV 12–152–MDLC–JCL, 2013 WL 550265 (D. Mont. Jan. 15, 2013) (Magistrate Judge Jeremiah Lynch); *Cicero v. Target Corp.*, No. 2:13–CV–619 JCM (GWF), 2013 WL 3270559 (D. Nev. June 26, 2013) (Judge James Mahan). No such affidavit has yet been presented.

**IT IS SO ORDERED.**

Dated: July 20, 2020

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE